# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREN SUE REYNOLDS,**

        **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:16CV29**
                                               **(Judge Keeley)**

**NANCY A. BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER

On February 24, 2016, the plaintiff, Karen Sue Reynolds ("Reynolds"), filed a complaint seeking review of the adverse decision of the defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner") (Dkt. No. 1). On January 25, 2017, the Honorable Michael J. Aloi, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court deny Reynolds's motion for judgment on the pleadings, grant the Commissioner's motion for summary judgment, affirm the Commissioner's decision, and dismiss this case with prejudice (Dkt. No. 14). Reynolds filed timely objections to the R&R (Dkt. No. 15).

After considering the record, as well as Reynolds's objections, the Court **REJECTS** the R&R (Dkt. No. 14), **GRANTS** Reynolds's motion for judgment on the pleadings (Dkt. No. 9), **DENIES** the Commissioner's motion for summary judgment (Dkt. No.

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

11), **REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), and **REMANDS** Reynolds's treating physician and credibility claims to the ALJ for further proceedings.

## I. BACKGROUND

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As part of its review of the R&R, the Court incorporates by reference Magistrate Judge Aloi's thorough recitation of the facts surrounding Reynolds's disability insurance benefits ("DIB") and supplemental security income ("SSI") claims, as well as his articulation of the Commissioner's five-step evaluation process (Dkt. No. 14 at 2–23).

Reynolds was born on February 18, 1963, and was 49 years old at the time she filed her DIB and SSI claims on June 6 and June 18, 2012, respectively (Dkt. No. 7-5 at 15). She initially alleged a disability onset date of March 1, 2009, but later amended that date to April 1, 2011. Id. at 17. At the time, she was unemployed, but had previously worked as an assistant manager at Family Dollar. She had also worked as a cashier at a convenience store, a cook, a nursing home aide, and a hotel front desk clerk (Dkt. No. 7-6 at

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

4). Reynolds alleged that a number of limitations prevented her from working, including congestive heart failure, rheumatoid arthritis, knots in her arms and legs, and depression. Id. at 3.[1] Reynolds also indicated a history of sometimes passing out and going into convulsions (Dkt. No. 7-6 at 9).

The Commissioner denied Reynolds's claims at both the initial and reconsideration levels (Dkt. No. 1 at 1). Upon Reynolds's request, Administrative Law Judge Brian W. Wood ("ALJ") held a hearing on April 1, 2014, following which he denied Reynolds's claim (Dkt. No. 7-2 at 18, 32). Reynolds appealed the ALJ's decision to the Appeals Council, which declined review on January 5, 2016 (Dkt. Nos. 1 at 1; 7-2 at 2).

Thereafter, on February 24, 2016, Reynolds filed suit in this Court, seeking reversal of the Commissioner's final decision (Dkt. No. 1 at 1). In her complaint, Reynolds argued that the

---

[1] Ultimately, the Administrative Law Judge identified the following severe impairments: degenerative disc disease of the cervical spine, scoliosis of the thoracic spine, chronic cervical and lumbar strain, chronic obstructive pulmonary disease, cardiomyopathy, premature ventricular complex, hypertension, gastro esophageal reflux disease, history of syncope, poly-articular arthritis, rheumatoid arthritis, headaches, and a depressive disorder (Dkt. No. 7-2 at 21). Reynolds has not challenged this step-two determination.

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

Commissioner committed reversible error by (1) failing to comply
with 20 C.F.R. §§ 404.1527 and 416.927 when he assigned "little
weight" to the medical opinion of her treating physician Stephen
Thompson, D.O. ("Dr. Thompson"), and (2) making a deficient
credibility determination, which rendered his decision unsupported
by substantial evidence (Dkt. No. 10 at 14, 18).

In the R&R, Magistrate Judge Aloi rejected Reynolds's
contentions (Dkt. No. 14). First, he found substantial evidence to
support the ALJ's decision to afford little weight to Dr.
Thompson's opinion, and also found that the ALJ had sufficiently
explained his decision so as to permit meaningful review. Id. at
34. Second, he found that the ALJ had properly assessed Reynolds's
credibility, and had supported his determination with substantial
evidence. Id. at 34-37.

Reynolds filed timely objections to the R&R, in which she
argued that Magistrate Judge Aloi improperly supplied a post hoc
rationalization for the ALJ's rejection of Dr. Thompson's opinion
(Dkt. No. 15 at 2-4). In addition, she argued that the magistrate
judge's conclusion that the ALJ's credibility determination was
valid was erroneous. (Dkt. No. 15 at 4-5).

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

## II. STANDARDS OF REVIEW

### A.    The Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must review de novo any portion of the magistrate judge's recommendation to which objection is timely made. The Court, however, will uphold those portions of the R&R to which no objection is made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Reynolds filed objections to the R&R (Dkt. No. 15), this Court will review de novo all those portions of the R&R to which she has objected.

### B.    The ALJ's Decision

The question presented is not whether Reynolds is disabled. See Mayer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Judicial review of a final decision regarding disability benefits is limited to determining whether the ALJ's findings are supported by substantial evidence, and whether the ALJ correctly applied the law. See 42 U.S.C. § 405(g); Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). It is the duty of the ALJ, not the Court, to make

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

findings of fact and resolve disputed evidence. <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979).

Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (internal quotation omitted)). That "two inconsistent conclusions" may be drawn "from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." <u>Sec'y of Labor v. Mut. Mining, Inc.</u>, 80 F.3d 110, 113 (4th Cir. 1996) (quoting <u>Conolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966) (internal quotation omitted)).

"An ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning. An ALJ's failure to consider an entire line of evidence falls below the minimal level . . . ." <u>Diaz v. Chater</u>, 55 F.3d 300, 307 (7th Cir. 1995) (internal citation omitted). The Court must be able to "track the ALJ's reasoning and be assured that the ALJ considered the important

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

evidence." Id. at 308 (quoting Green v. Shalala, 51 F.3d 96, 101

(7th Cir. 1995)).

## III. DISCUSSION

**A.    Dr. Thompson's Opinion**

Reynolds contends that the Court must remand this case because

the ALJ failed to conduct a proper analysis or provide "good

reasons" for discounting the medical opinion of Dr. Thompson, her

treating physician (Dkt. No. 10 at 10-14). In his R&R, Magistrate

Judge Aloi concluded that the ALJ's decision was supported by

substantial evidence, especially evidence from the "particular

category" on which he relied (Dkt. No. 14 at 29). Moreover, he

concluded that the ALJ's explanation was sufficient to permit the

Court to conduct a meaningful review. Id. at 34.

Reynolds contends the magistrate judge improperly "searched

the administrative record and found other evidence which he (deems

substantial) and which (he determines) supported the ALJ's finding,

even though the ALJ, himself, did not cite that evidence in support

of his decision" (Dkt. No. 15 at 2). She accuses both the

Commissioner and the magistrate judge of providing a post hoc

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

rationale for the ALJ's decision when, in fact, the duty to provide

sufficient reasoning rested with the ALJ. Id. at 3.

## 1.    Applicable Law

If a claimant's severe impairments neither meet nor equal the

severity of a listed impairment, as was the undisputed step-three

determination in this case, the ALJ must then assess the claimant's

residual functional capacity ("RFC").[2] 20 C.F.R. § 404.1520(e). The

ALJ determines the claimant's RFC "based on all the relevant

medical and other evidence," id., including medical opinions. Id.

§ 404.1527(b). "Medical opinions are statements from acceptable

medical sources that reflect judgments about the nature and

severity" of a claimant's "impairment(s), including [her] symptoms,

diagnosis, or prognosis, what [she] can still do despite

impairment(s), and [her] physical or mental restrictions. Id.

§ 404.1527(a)(1).

---

[2] A claimant's RFC "is the most [she] can still do despite
[her] limitations." 20 C.F.R. § 404.1545. It is also described as
"an assessment of an individual's ability to do sustained work-
related physical and mental activities in a work setting on a
regular and continuing basis. A 'regular and continuing basis' means
8 hours a day, for 5 days a week, or an equivalent work schedule."
Social Security Ruling 96-8p, 61 Fed.Reg. 34,474, 34,478 (July 2,
1996) [hereinafter SSR 96-8p].

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

A treating physician's opinion is entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is consistent with the other evidence of record. Id. § 404.1527(c)(2); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When a medical opinion is not entitled to controlling weight, the ALJ should consider the following factors in deciding what weight to assign: (1) the examining relationship; (2) the length, frequency, nature, and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c). Ultimate conclusions as to whether a claimant is "disabled" or "unable to work" are categorically reserved to the Commissioner. Id. § 404.1527(d)(1).

The Commissioner abides by the following guidance:

The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).

SSR 96-8p, 61 Fed.Reg. at 34,478. This guidance obligates the ALJ to provide more than mere "conclusory analysis" when assigning weight to medical opinions. Monroe v. Colvin, 826 F.3d 176, 191

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

(4th Cir. 2016); <u>see also</u> SSR 96-8p, 61 Fed.Reg. at 34,478 ("If the
RFC assessment conflicts with an opinion from a medical source, the
adjudicator must explain why the opinion was not adopted.").

Although the ALJ may decline to give an opinion weight, it is
for the Court to determine whether substantial evidence supports
his decision. <u>See</u> <u>Russell v. Barnhart</u>, 58 Fed. App'x 25, 29-30 (4th
Cir. 2003). The ALJ's determination as to the weight to be assigned
to a medical opinion "generally will not be disturbed absent some
indication that the ALJ has dredged up 'specious inconsistencies,'
or has failed to give a sufficient reason for the weight afforded
a particular opinion." <u>Dunn v. Colvin</u>, 607 Fed. App'x 264, 267 (4th
Cir. 2015) (internal citations omitted). The ALJ must reach a
conclusion that appears rational to the Court. <u>Id.</u> at 266; <u>see also</u>
<u>Schmidt v. Sullivan</u>, 914 F.2d 117, 118 (7th Cir. 1990) (reasoning
that an ALJ may not "succumb to the temptation to play doctor").

**2.  ALJ's Decision**

As Reynolds points out, "[t]he record is replete with"
treating physician "Dr. Thompson's treatment notes over the years,
results of testing he had ordered, and letters/reports from
specialists to whom he had referred Ms. Reynolds" (Dkt. No. 10 at

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

13) (internal citation omitted). Dr. Thompson treated Reynolds

dating back to 2008, and indicated in his notes that he saw her

every three to six months (Dkt. Nos. 7-8 at 47; 7-14 at 21).

The ALJ summarized some of Reynolds's treatment history with

Dr. Thompson, but ultimately discounted Thompson's RFC opinion:

> A physical residual functional capacity questionnaire
> dated March 19, 2014[,] by Dr. Thompson indicated that
> the claimant had post-partum cardiomyopathy, rheumatoid
> arthritis, COPD, and hypertension and that her prognosis
> was fair. She experienced fatigue and shortness of breath
> as well as pain. Dr. Thompson noted that the claimant's
> experience of pain or other symptoms were constantly
> severe enough to interfere with attention and
> concentration needed to perform even simple work tasks
> and that she was incapable of even "low stress" jobs. Dr.
> Thompson indicated that the claimant could sit, stand,
> and walk less than two hours in an eight-hour workday and
> would have to walk around every 20-30 minutes for 3-5
> minutes each time. She would require a job that permitted
> shifting positions and she would need to take unscheduled
> breaks during an eight-hour workday. Dr. Thompson noted
> that the claimant could occasionally lift/carry 10
> pounds, look up, and hold head in static position. She
> could occasionally twist and climb stairs, rarely stoop,
> bend, crouch and squat, but could never climb ladders and
> would miss more than four days of work per month. Dr.
> Thompson opined that the claimant was not capable of
> working a full time work schedule at any level of
> exertion (Exhibit C-19F). <u>The undersigned has afforded
> this opinion little weight as it is not supported by the
> evidence of record, including objective medical findings
> and good activities of daily living.</u>

(Dkt. No. 7-2 at 30) (emphasis added).

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

### 3.  Analysis

Dr. Thompson appears to be the only treating physician who provided an opinion to the Commissioner regarding Reynolds's RFC. And as Reynolds's treating physician, his opinion is entitled to controlling weight unless it "is not supported by clinical evidence or . . . is inconsistent with other substantial evidence." Sharp v. Colvin, 660 Fed. App'x 251, 256 (4th Cir. 2016) (unpublished decision) (quoting Craig, 76 F.3d at 590). Here, the ALJ provided only a cursory discussion of Dr. Thompson's opinion before dismissing it as "[un]supported by the evidence of record, including objective medical findings and good activities of daily living" (Dkt. No. 7-2 at 30). In doing so, the ALJ "failed to give a sufficient reason for the weight afforded" Dr. Thompson's opinion. Dunn, 607 Fed. App'x at 267.

It is difficult to distinguish this case from the recent decision of the Fourth Circuit in Monroe v. Colvin, where our circuit court criticized an ALJ's failure to provide "the specific analysis that would allow for meaningful review," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

record evidence." 826 F.3d at 189 (quoting <u>Radford v. Colvin</u>, 734
F.3d 288, 295 (4th Cir. 2013)). Our circuit court pointed out in
<u>Monroe</u> that the ALJ had failed to provide any "narrative
discussion" as part of his explanation for the weight he gave to
various opinions. <u>Id.</u> at 190. For instance, he assigned weight
based only on "the objective evidence," "the objective evidence or
the claimant's treatment history," and "the objective evidence and
other opinions of record." <u>Id.</u> at 191. Given this inadequate
explanation, the Fourth Circuit concluded that, "[w]ithout more
specific explanation of the ALJ's reasons for the differing weights
he assigned various medical opinions, neither we nor the district
court can undertake meaningful substantial-evidence review." <u>Id.</u>
(citing <u>Radford</u>, 734 F.3d at 295).[3]

The ALJ's reasoning in this case is similarly deficient. In
his conclusory dismissal of Dr. Thompson's opinion, the ALJ

---

[3] In <u>Sharp v. Colvin</u>, the Fourth Circuit upheld an ALJ's
limited discussion of the weight given to a treating physician's
opinion. 660 Fed. App'x at 257. Unlike <u>Monroe</u> or the present case,
however, the ALJ provided a "specific reason . . . sufficient to
afford . . . appellate review" by identifying and relying on a
"particular category of evidence" - the treating physician's own
office notes. <u>Id.</u> The notes contained in the record provided
substantial evidence for the ALJ's decision. No such specific
category of evidence was identified by the ALJ in this case.

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

provided little explanation for the "some weight" or "significant weight" he gave to other opinions. State agency examiners Joseph Shaver, Ph.D., and Jeff Harlow, Ph.D., opined that Reynolds's affective disorder was not severe. The ALJ "afforded these opinions some weight, but . . . added limitations based on other evidence in the file and the claimant's testimony" (Dkt. No. 7-2 at 29). State agency examiners Fulvio Franyutti, M.D., and Pedro Lo, M.D., provided RFC opinions to which the ALJ gave "significant weight as they [were] consistent with the medical evidence of record." Id. at 30. He did, however, "add[] some limitations based on other evidence." Id.

Without having more "specific reasons" for the weight given by the ALJ to these medical opinions, the Court's only option is to review the record in search of evidence that supports the ALJ's decision. This task, however, exceeds the scope of the Court's appellate review and is committed to the Commissioner. Jackson v. Colvin, No. 3:14cv24834, 2015 WL 5786802, at *2 (S.D.W. Va. Sept. 30, 2015) ("It is not the role of the courts to search for reasons for a decision that were not furnished by the ALJ."). The ALJ may have summarized and discussed the medical evidence and activities

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

of daily living elsewhere in his decision (Dkt. No. 7-2 at 24-29),
but he failed to "build an accurate and logical bridge from the
evidence to his conclusion[s]" regarding the medical opinions.
Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000); accord
Forquer v. Colvin, No. 1:15cv57, 2016 WL 4250364, at *8 (N.D.W. Va.
Aug. 11, 2016) (holding that an ALJ "failed to sufficiently explain
how he derived his opinion" when he discounted all opinion evidence
on the basis of the evidence of record and the claimant's
activities of daily living).

Because the ALJ failed to provide sufficient reasoning to
permit meaningful review of the weight he assigned to various
medical opinions, the Court **REJECTS** the recommendation that the
Court reject Reynolds's argument regarding opinion evidence, and
pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSES** the
Commissioner's decision and **REMANDS** the claim for further
proceedings.

**B. Credibility Determination**

Reynolds next argues that the ALJ's credibility determination
was deficient (Dkt. No. 10 at 14-18). She contends that the ALJ
improperly compared her allegations to the RFC, relied too much on

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

objective medical evidence, and analyzed only one relevant factor - activities of daily living - while ignoring much of her testimony. Id. Magistrate Judge Aloi concluded that, although the ALJ had erred when he compared Reynolds's symptoms to the RFC, such error was harmless because he had provided substantial evidence in the form of medical records and Reynolds's activities of daily living (Dkt. No. 14 at 35-37). Reynolds objects 1) that the ALJ relied too heavily on objective medical evidence, and 2) that the magistrate judge inappropriately made "forays into the administrative record" in search of evidence to support the ALJ's decision (Dkt. No. 15 at 4-5).

**1.   Applicable Law**

An ALJ uses a two-step process when determining whether a person is disabled by pain or other symptoms. Craig, 76 F.3d at 594. In the first step, objective medical evidence must exist demonstrating a medical impairment resulting from anatomical, physiological, or psychological abnormalities that "could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 404.1529(b), 416.929(b)(2011));

16

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

see also Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) [hereinafter SSR 96-7p].

After the claimant makes this "threshold showing," the ALJ next must evaluate the claimant's credibility regarding her subjective symptoms. SSR 96-7p, 1996 WL 374186, at *2. In this second step, the ALJ must assess the intensity, persistence, and limiting effects of the claimant's symptoms "to determine the extent to which the symptoms limit the individual's ability to do basic work activities." Id. If the claimant's statements about the intensity, persistence, or functionally limiting effects of pain or symptoms are unsubstantiated by objective medical evidence, the ALJ must "make a finding on the credibility of those statements based on the consideration of the entire case record," including the medical signs and laboratory findings, the claimant's statements, statements by medical professionals, and any other relevant evidence. Id.

In addition to objective medical evidence, the ALJ must consider the following factors when assessing a claimant's credibility:

1.   The individual's daily activities;

17

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3.    Factors that precipitate and aggravate the symptoms;

4.    The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5.    Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6.    Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7.    Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Id. at *3.

Although the ALJ need not document specific findings as to each factor, Wolfe v. Colvin, No. 3:14CV4, 2015 WL 401013, at *4 (N.D.W. Va. Jan. 28, 2015) (Groh, J.), his decision "must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the

18

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2.

An ALJ's credibility determinations are "virtually unreviewable." Ryan v. Astrue, No. 5:09CV55, 2011 WL 541125, at *3 (N.D.W. Va. Feb. 8, 2011) (Stamp, J.) (quoting Darvishian v. Geren, No. 08-1672, 2010 WL 5129870, at *9 (4th Cir. 2010)). Because it is the ALJ who observed the claimant's demeanor during the administrative hearing, his determination regarding credibility is to be given great weight. Shively v. Heckler, 739 F.2d 987, 989 (7th Cir. 1997) (internal citations omitted).

**2. ALJ's Decision**

As a threshold matter, the ALJ determined that Reynolds's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Dkt. No. 7-2 at 28). He nonetheless concluded that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Id. at 28-29. He further determined that "medical records" and the "preponderance of the evidence" were inconsistent with Reynolds's testimony of severe

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

symptoms. Id. In support, the ALJ described various inconsistencies between Reynolds's subjective complaints and her medical records that, in large measure, included normal and unremarkable findings. Id. at 29.[4]

Other than the objective medical evidence, the ALJ considered only the following:

> In addition, claimant's daily activities are not limited to the degree expected if her testimony regarding her functional limitations was accurate. The claimant testified that she takes care of her personal needs. She stated that she has a driver's license and drives and takes college classes online and at the community college. Additionally, she testified that she watches television, sews, does the laundry, performs household chores, prepares meals, grocery shops and reads. Considering all these factors, and the adverse medical opinions of Drs. Franyutti, Lo, Shaver, and Harlow, the claimant's testimony was not credible.

Id.

### 3.   Analysis

The Fourth Circuit recently counseled against reasoning similar to that employed by the ALJ in this case. In Mascio v. Colvin, the ALJ reasoned that "the claimant's statements concerning

---

[4] The ALJ concluded that the results of various tests, studies, and X-rays did not support Reynolds's complaints of hypertension, shortness of breath, joint, back, neck, hand, and foot pain, and depression (Dkt. No. 7-2 at 29).

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." 780 F.3d 632, 639 (4th Cir. 2015). According to our circuit court, this flawed "boilerplate" language implies "that the ability to work is determined first and is then used to determine the claimant's credibility." Id. (quoting Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)). On the contrary, the claimant's allegations of pain must be considered as a part of the ALJ's RFC determination, not simply and summarily refuted by it. Such boilerplate statements can, nonetheless, be considered harmless error if the ALJ has properly analyzed credibility elsewhere in his decision. Id.

As the magistrate judge recognized, the ALJ undoubtedly erred when he used the "boilerplate" criticized in Mascio and compared Reynolds's testimony to the RFC. The ALJ reasoned that Reynolds's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible to the extent they [were] inconsistent with the . . . [RFC] assessment" (Dkt. No. 7-2 at 28-29). The question, however, is whether such error is harmless. Mascio, 780 F.3d at 639. Because the ALJ failed to

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

conduct a full and proper credibility analysis elsewhere in his decision, the Court concludes it is not.

Although the ALJ fully explained how Reynolds's "disability is not documented" in the objective medical evidence (Dkt. No. 7-2 at 29), the lack of objective proof of disability is not determinative. Hines v. Barnhart, 453 F.3d 559, 564-65 (4th Cir. 2006) ("Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence."). In assessing the evidence regarding Reynolds's disability claim, the ALJ failed to address many of the specific factors that the Commissioner instructs he must take under advisement when objective medical evidence does not substantiate the alleged limitations. SSR 96-7p, 1996 WL 374186, at *2.

Notably, the ALJ only discussed one specific factor - Reynolds's activities of daily living (Dkt. No. 7-2 at 29).[5] But

_____

[5] The ALJ also reasoned that Reynolds was not credible in light of "the adverse medical opinions of Drs. Franyutti, Lo, Shaver, and Harlow" (Dkt. No. 7-2 at 29). This is another "factor[] concerning [Reynolds's] functional limitations and restrictions" that the ALJ is entitled to consider. SSR 96-7p, 1996 WL 374186, at *3. As already discussed, however, the ALJ failed to provide sufficient reasoning for the weight that he gave these opinions. Monroe, 826 F.3d at 190-91. Without further explanation, the opinions provide

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

even that brief discussion amounted to a mere listing of what Reynolds testified she is able to do. It never addressed the extent or frequency to which she testified those same activities are limited, or that she required assistance to accomplish them. Id. at 49, 57-58, 60; Diaz, 55 F.3d at 307 ("An ALJ may not select and discuss only that evidence that favors his ultimate conclusion . . . .").

Of course, the Court is bound to give great deference to the ALJ's credibility determination. See 42 U.S.C. § 405(g); Ryan, 2011 WL 541125, at *3. In this case, however, the ALJ's cursory discussion of one specific factor fails to satisfy his burden of providing an explanation sufficient for meaningful review. The ALJ must include "an accurate and logical bridge from the evidence to his conclusion" that Reynolds was not credible, Monroe, 826 F.3d at 189, and he must bear in mind that the objective medical evidence is not determinative.[6]

---

an insufficient basis on which to discount the credibility of Reynolds's testimony.

[6] As the Fourth Circuit has elaborated, this does not mean that objective medical evidence is not important. It simply means that "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity." Hines, 453 F.3d at 565 n.3

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND § 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

To sum up, the ALJ erroneously compared Reynolds's subjective allegations to the RFC determination and otherwise failed properly to assess Reynolds's credibility. Therefore, the Court **REJECTS** the R&R's recommendation regarding the ALJ's credibility determination and, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSES** the Commissioner's decision and **REMANDS** the claim for further proceedings. On remand, should the ALJ reject Reynolds's subjective allegations, it will be incumbent upon him to thoroughly analyze the relevant factors and explain in greater detail his reasons for discrediting those allegations.

## IV. CONCLUSION

For the reasons discussed, the Court:

1)    **REJECTS** the R&R (Dkt. No. 14);

2)    **GRANTS** Reynolds's motion for judgment on the pleadings (Dkt. No. 9);

3)    **DENIES** the Commissioner's motion for summary judgment (Dkt. No. 11);

---

(quoting <u>Craig</u>, 76 F.3d at 595) (emphasis added). The underlying impairment must still be reasonably expected to cause the alleged symptoms. <u>Id.</u>

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND
RECOMMENDATION [DKT. NO. 14], REVERSING THE COMMISSIONER'S
DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND
§ 1383(c)(3), AND REMANDING THE CASE TO THE COMMISSIONER**

4)    **REVERSES** the Commissioner's decision under sentence four

of 42 U.S.C. § 405(g) and § 1383(c)(3); and

5)    **REMANDS** this case to the Commissioner for further

proceedings.

The Court further **DIRECTS** that this case be **STRICKEN** from the

active docket of this Court.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk of Court to transmit copies of

this Memorandum Opinion and Order to counsel of record, and to

enter a separate judgment order.

DATED: March 24, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE